UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BRADLEY B. WADE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 1:23-CV-41 SNLJ |
| STATE OF MISSOURI, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on review of plaintiff Bradley B. Wade's complaint pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, the Court will dismiss this action for failure to state a claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915A, the Court is required to review a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). This applies even if plaintiff has paid the filing fee. *See Mack v. Crawford*, 2009 WL 398089, at *1 (E.D. Mo. Feb. 17, 2009). The term "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." 28 U.S.C. § 1915A(c). Pursuant to this section, the Court must dismiss a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief can be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Here, plaintiff is a convicted state prisoner who is suing the State of Missouri. Therefore, his complaint is subject to 28 U.S.C. § 1915A screening. *See Bittick v. Nixon*, 2009 WL 5214908, at *2 (W.D. Mo. Dec. 29, 2009), *aff'd*, 380 F. App'x 559 (8th Cir. 2010) (citing 28 U.S.C. § 1915A(b)(1) and (2)).

To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

## The Complaint

Plaintiff, an inmate housed at the Southeast Correctional Center ("SECC"), brings this action pursuant to 42 U.S.C. § 1983 against the State of Missouri only. He separates his allegations into three claims, as follows:

Claim 1: Medical Neglect

> Refusal of Mental Health Assistance. The neglect happened in 2016 and 2020. At Southeast Correctional Center. The Institutional Mental Health Team failed to properly place me in Mental Health Unit when I fitted [sic] criteria of policy two times.

Claim 2: Insufficient Counsel

> Failed to effectively pursue the N.G.R.I. defense in my criminal case. In St. Louis of 2008 I was forced to plead to 30 years for a murder.

Claim 3: Denial of Mental Illness to be a Disability

> Filed for S.S.I. Social Security Income at Downtown Social Security Office on Delmar in 2002 and 2004. Denied both times at Social Security Office on Delmar Blvd. in downtown St. Louis

ECF No. 1 at 4.

Plaintiff left the "Injuries " section of his form complaint blank. *See id.* at 4. For relief, he seeks "at least $150,000" in social security income benefits. *Id.* at 8.

## Discussion

Having carefully reviewed plaintiff's complaint, the Court has determined this action against the State of Missouri must be dismissed for failure to state a claim. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008); *see also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (a "State is not a person under § 1983"); *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) ("a state is not a person for purposes of a claim for money damages under § 1983").

Additionally, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on a nonconsenting State from lawsuits brought in federal court by a State's own citizens or the citizens of another State. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 2018 WL 2070564, at *1 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); *Egerdahl v.*

*Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment").

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id.* The second exception is when a State waives its immunity to suit in federal court. *Id.* at 65. A State will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987).

Neither exception applies in this case. First, there is no congressional abrogation of Eleventh Amendment immunity. Plaintiff brings this action pursuant to § 1983. The United States Supreme Court has determined that 42 U.S.C. § 1983 does not revoke the States' Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). Second, the State of Missouri has not consented to the suit. Specifically, the State's statutory waiver of immunity does not include the type of claims made by plaintiff in this case. *See* Mo. Rev. Stat. § 537.600.

Thus, because a state is not a "person" for the purposes of § 1983 and a suit against the state is barred by the Eleventh Amendment, plaintiff's claim against the State of Missouri will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Notwithstanding the above, even if plaintiff asserted a claim against a suable entity or individual, his claims would still fail. First, as to the "medical neglect" claim, it is limited to plaintiff's allegation that the mental health team at SECC "failed to properly place [him] in [a] Mental Health Unit when [he] fit[] [the] criteria of policy two times." Disagreements with treatment decisions, however, do not constitute deliberate indifference. *See Cejvanovic v. Ludwick*, 923 F.3d 503, 507 (8th Cir. 2019) (stating that a "mere disagreement with treatment decisions . . . does not rise to the level of a constitutional violation"); and *Meuir v. Greene Cty. Jail Emps.*, 487 F.3d 1115, 1118-19 (8th Cir. 2007) ("A prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation"). Moreover, even if an individual at the SECC was not following the institution's "policy" regarding treatment, there is no violation of § 1983 for failing to follow prison policy. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)

Second, to the extent plaintiff intended to bring an ineffective assistance of counsel claim against his public defender from his underlying state criminal action, such a claim is legally frivolous pursuant to § 1983. Public defenders performing lawyers' traditional functions do not act under color of state law for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Third, it is inappropriate to bring a claim pursuant to § 1983 to complain about a denial of Social Security Administration benefits. *See Thibeaux v. Stradtman*, 2017 WL 227967, at *1 (E.D. Mo. Jan. 19, 2017) ("Plaintiff may not attempt to bring a § 1983 action in order to review his dispensation of social security benefits. Such matters must be left to the Social Security Administration and its proper administrative review process.").

**Motion to Appoint Counsel**

Plaintiff has filed a motion for the appointment of counsel. ECF No. 2. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v.*

*Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). *See also Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) ("In civil cases, there is no constitutional or statutory right to appointed counsel . . . Rather a court may request an attorney to represent any person unable to afford counsel"). Plaintiff's motion will be denied as moot, given the fact that plaintiff's claims are being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 28th day of April, 2023.

                STEPHEN N. LIMBAUGH, JR.
                SENIOR UNITED STATES DISTRICT JUDGE