## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| BRADLEY B. WADE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:23-CV-41 SNLJ |
| STATE OF MISSOURI, | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This closed case is before the Court on a document titled, 'Rebuttal of Dismissal,' filed by self-represented plaintiff Bradley B. Wade. ECF No. 15. The Court construes the filing as a motion to reconsider its April 28, 2023 dismissal of this action. For the reasons discussed below, plaintiff's request will be denied.

### Background

On March 27, 2023, plaintiff filed this action on a Court-provided 'Prisoner Civil Rights Complaint' form pursuant to 42. U.S.C. § 1983. ECF No. 1. Plaintiff alleged three claims against the State of Missouri: (1) refusal of mental health assistance while he was incarcerated at the Southeast Correctional Center in 2016 and 2020; (2) ineffective assistance of counsel by his public defender in a 2008 state criminal case, and (3) denial of his application for Social Security disability benefits. *Id.* at 4-5. For relief, plaintiff sought $150,000 and for his "social security income benefits to start as soon as [he is] release[d.]" *Id.* at 8.

On April 28, 2023, the Court reviewed and dismissed the complaint pursuant to 28 U.S.C. § 1915A for legal frivolity and failure to state a claim upon which relief could be granted. ECF Nos. 12, 13. In dismissing this case, the Court explained the complaint was subject to dismissal

because the State of Missouri is not a "person" under § 1983 for purposes of a claim for money damages, and the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. ECF No. 12 at 3-4. Although two exceptions are applicable to Eleventh Amendment immunity – abrogation and waiver – neither applied to the instant action. *Id.* at 4. Additionally, the Court noted that even if plaintiff asserted a claim against a suable entity or individual, his allegations would still be dismissed because they failed to state a claim for relief.

On June 7, 2023, approximately forty days after the dismissal of this action, plaintiff submitted the instant 'Rebuttal of Dismissal' on two pages of notebook paper. ECF No. 15. The filing appears to contend that the Court should have applied the abrogation exception to Eleventh Amendment Immunity, or found the State liable under the Tenth Amendment. Plaintiff provides no support, however, for these assertions.

## Discussion

After liberally construing and carefully reviewing the 'Rebuttal of Dismissal,' which the Court construes as a motion to reconsider its April 28, 2023 dismissal of this action, the Court will deny the request for reconsideration.

It is unclear from the filing whether plaintiff intends for the request to be brought under Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason). *See Sanders v. Clemco Indus.*, 862 F.2d 161, 164-65, 168-69 (8th Cir. 1988) (discussing differences in characterizing unlabeled motion for reconsideration as either under Rule 59(e) or Rule 60(b)). Rule 59(e) requires that any motion to alter or amend judgment be filed no later than 28 days after entry of the judgment. *See White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982) (Rule 59(e) gives the Court power to rectify its own mistakes in the period

2

immediately following the entry of judgment). The Court issued its Order of Dismissal on April 28, 2023. The 'Rebuttal of Dismissal' currently before the Court was mailed from the Southeast Correctional Center on June 8, 2023. To the extent plaintiff seeks relief under Rule 59(e), the Court denies the request as untimely.

In contrast to Rule 59(e), Rule 60(b) provides permits a Court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). It is not intended to be a vehicle for seeking reconsideration of merit arguments that were previously considered by the Court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999). Plaintiff's 'Rebuttal of Dismissal' fails to point to any valid reason justifying reconsideration of the Court's judgment. Instead, the filing merely appears to argue that the Court was incorrect in its review of the complaint under § 1915, and should have applied the abrogation exception to Eleventh Amendment immunity or allowed him to bring his claims under the Tenth Amendment. Such arguments are not appropriate for a Rule 60(b) motion. Plaintiff is therefore not entitled to reconsideration of the dismissal of his complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's 'Rebuttal of Dismissal,' which the Court construes as a motion for reconsideration, is **DENIED**. [ECF No. 15].

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 15th day of June, 2023.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE