## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BRADLEY B. WADE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-CV-41 SNLJ |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This closed case is before the Court upon the filing of two documents titled: "Returned Response to the Response of the 'Rebuttal of Dismissal'" and "Follow up Response of Facts to Memorandum and Order." ECF Nos. 17, 18. The Court construes these filings as a second and third motion to reconsider its April 28, 2023 dismissal of this action.

On March 27, 2023, plaintiff filed this action pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff alleged three claims against the State of Missouri: (1) refusal of mental health assistance while he was incarcerated at the Southeast Correctional Center in 2016 and 2020; (2) ineffective assistance of counsel by his public defender in a 2008 state criminal case, and (3) denial of his application for Social Security disability benefits. *Id.* at 4-5. For relief, plaintiff sought $150,000 and for his "social security income benefits to start as soon as [he is] release[d.]" *Id.* at 8.

On April 28, 2023, the Court reviewed and dismissed the complaint pursuant to 28 U.S.C. § 1915A for legal frivolity and failure to state a claim upon which relief could be granted. ECF Nos. 12, 13. In dismissing this case, the Court explained the complaint was subject to dismissal because the State of Missouri is not a "person" under  § 1983 for purposes of a claim for money damages, and the Eleventh Amendment bars suit against a state or its agencies for any kind of

relief, not merely monetary damages. ECF No. 12 at 3-4. Although two exceptions are applicable to Eleventh Amendment immunity – abrogation and waiver – neither applied to the instant action. *Id.* at 4. Additionally, the Court noted that even if plaintiff asserted a claim against a suable entity or individual, his allegations would still be dismissed because they failed to state a claim for relief. *Id.* at 5.

On June 7, 2023, approximately forty days after the dismissal of this action, plaintiff submitted a 'Rebuttal of Dismissal' on two pages of notebook paper, which the Court construed as a motion for reconsideration. ECF No. 15. The filing argued the Court should have applied the abrogation exception to Eleventh Amendment Immunity, or found the State liable under the Tenth Amendment. Plaintiff did not, however, provide any support for his assertions. Because the filing was untimely under Fed. R. Civ. P. 59(e), the Court analyzed the motion pursuant to Rule 60(b). The Court explained, in part:

> Plaintiff's 'Rebuttal of Dismissal' fails to point to any valid reason justifying reconsideration of the Court's judgment. Instead, the filing merely appears to argue that the Court was incorrect in its review of the complaint under § 1915, and should have applied the abrogation exception to Eleventh Amendment immunity or allowed him to bring his claims under the Tenth Amendment. Such arguments are not appropriate for a Rule 60(b) motion. Plaintiff is therefore not entitled to reconsideration of the dismissal of his complaint.

ECF No. 16 at 3.

This instant filings are substantially similar to plaintiff's 'Rebuttal of Dismissal.' Plaintiff continues to argue that his complaint was not frivolous and the Court should have permitted him to sue the State of Missouri under the Tenth Amendment or the abrogation exception. The Court cannot find that plaintiff has presented any evidence of a specific manifest error of law or fact, newly discovered evidence, or exceptional circumstances justifying relief. Moreover, even if the Court applied such exceptions, none of his allegations stated a claim for relief. *See* ECF No. 12 at

5. Plaintiff asserts the same claims that have previously been considered by the Court and expresses his general disagreement with the dismissal of this action. Therefore, after reviewing the filings and construing them as motions for reconsideration, the Court will decline to alter or amend the judgment of this Court and they will be denied. Plaintiff is advised that he must not file any more documents seeking to supplement the record in this case or argue the merits of his dismissed complaint. No further pleadings will be accepted in this closed cause of action unless pertaining directly to an appeal. If plaintiff wishes to bring claims before this Court, he may file a new civil action.

Accordingly,

**IT IS HEREBY ORDERED** that to the extent plaintiff's filings can be construed as a second and third motion for reconsideration of the dismissal of this action, his motions [ECF Nos. 17, 18] are **DENIED.**

**IT IS FURTHER ORDERED** that no future filings will be accepted by this Court in this closed matter, unless pertaining directly to an appeal. The Clerk of Court is directed to return to plaintiff any future filings along with this Order, unless pertaining directly to an appeal, to plaintiff without filing.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 28th day of July, 2023.


STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE